# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. ANDREW NEAL DAVIS

**Criminal Court for Davidson County**
**No. 2001-A-391**

---

**No. M2002-02375-CCA-R3-CD  Filed July 9, 2004**

---

JOHN EVERETT WILLIAMS, J., separate concurring opinion.

I concur in the results reached by the lead opinion but write separately to amplify some of my concerns. The prosecution has placed the conviction for aggravated child abuse of a child under the age of six in peril through mistakes, inadvertence, or neglect. There exists no evidence of intentional misconduct on the part of the District Attorney General's office. I hasten to add that this District Attorney General's office is not an abuser of the power or processes used to prosecute crimes in its jurisdiction. Although I have voted to affirm this conviction, I feel I must add a word of warning to others who may wish to rely upon my decision. At first glance, the practice of amending an indictment without the defendant's consent at such a late date is looked upon with disfavor. The practice suggests that someone was inattentive to the process and comes dangerously close to violating principles of fundamental fairness. It is akin to changing the rules in the middle of the game, a game which is played by professionals in which inches determine the winner and loser. This competent defense counsel did not appear shaken or surprised by the State's amendment. Indeed, I have determined trial counsel's trial strategy was not changed in the least. That is the main reason I have chosen to affirm this conviction. However, I am mindful of the time trial counsel takes in explaining to a client what has just transpired in court. Imagine explaining to a client that after being put to trial once on what was a Class B felony, the client is now facing a Class A felony with a potential for greater punishment. This could have taken away valuable time which counsel could have used to ready for the trial which was about to begin moments later. The impact could have been great upon a trial counsel that was not as prepared or strong as the one in this case.

I must confess I do not feel strong or confident with my decision in this case. I have carefully weighed and balanced the competing interests, principles, and arguments that lie at issue in this matter. I concluded that the late amendment was injudicious and the potential for prejudice to this defendant is great. Victims of crime under the age of six and defendants deserve greater attention be paid to the process by which their perspective rights are insured. After long and careful consideration, I have concluded that no prejudice has endured to this defendant.

It is not enough for me to say that greater punishment is always prejudice to the defendant when the indictment, as presented in this case, clearly contained the age of the victim. Some will see my decision as fundamentally unfair and cry foul, which I think is understandable. Some will see no problem in the amendment, declaring it a mere technicality and proclaiming that any other result would be a miscarriage of justice. My decision is somewhere between these two arguments.

For sure, I see a mistake that should not have been made and could have been corrected many days before, thereby lessening the potential of prejudice to this defendant. Perhaps our supreme court will provide guidance to all concerned. If not, the State should heed my concern and be ever more vigilant and attentive to the details of the matters entrusted to their care. For justice under our system is not only through a just verdict but through the process used to ensure a just verdict.

_____
JOHN EVERETT WILLIAMS, JUDGE